UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80273-CIV-MARRA/MATTHEWMAN

HENRY OLIVER FORD,

      Plaintiff,

vs.

UNITED STATES OF AMERICA,

      Defendant.

_____/

## ORDER AND OPINION GRANTING MOTION TO TRANSFER

**THIS CAUSE** is before the Court upon Federal Defendant's Motion to Transfer

Venue to the District Court for the Eastern District of New York [DE 26].  Plaintiff

responded [DE 28], and Defendant replied [DE 29].  The Court has reviewed the briefs,

the entire court record, and is otherwise fully advised in the premises.

### I.  Background

*Pro se* Plaintiff, Henry O. Ford, brings this action against the United States of

America under the Federal Tort Claims Act for the alleged negligent loss, conversion or

other disposition of Plaintiff's personal property.  Plaintiff alleges that personal property

was seized from him when he was "taken into custody" in May 2010, at JFK Airport in

New York City by Special Agents of the U.S. Immigrations and Customs Enforcement,

Department of Homeland Security, pursuant to a "Federal Complaint." [DE 1].

The United States moves to transfer venue to the Eastern District of New York,

pursuant to 28 U.S.C. § 1404(a).  In particular, Defendant argues that this action has no

connection with the Southern District of Florida other than that Plaintiff resides here and filed suit here.  Defendant states all of the prospective witnesses who may be called to testify at trial are located in the state of New York; the arrest occurred in New York City; the personal items, which comprise the basis of this suit, were seized and stored in New York.  Not only do the Special Agents who arrested Plaintiff reside and work in the City of New York, but also all records pertaining to the case are in New York as well as other fact witnesses who may be called to testify also live and work in New York City, or the immediate surrounding area.

Plaintiff opposes the motion.  He argues that the only inconvenience would be to the New York witnesses, which are just two or three agents.  He suggests that due to advancements in technology, inconvenience can be minimized by taking depositions and producing evidence over the internet.  DE 28 at 2, 5.  Plaintiff also points out that his property was "transported through some median unknown to the Plaintiff at this juncture, to Phoenix, Arizona where it presumed to have been held again in custodial care."  DE 28 at 5.

The government replies that if one witness lives and works in Arizona, that does not detract from the fact that a majority of witnesses reside and work in the state of New York. And those witnesses are the ones involved in the alleged wrongdoing.  Other than the Plaintiff, there is no other known witness in Florida.  The United States also notes that relevant records and documentary evidence are logically located in New York because that is where the property was allegedly seized.  As a final note, the

Government suggests that "the Eastern District of New York is unquestionably more familiar with New York negligence law, which will have to be applied to this case."  DE 29 at 4.

## II.  Legal Standard

Defendants move to transfer venue pursuant to section 1404(a) of Title 28.  This statute provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C.A. § 1404(a) (West). The standard for transfer under 28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court, and once a trial judge decides that transfer of venue is or is not justified, the ruling can be overturned only for clear abuse of discretion.  See Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir.1991).  The burden is ultimately on the party moving for transfer to establish that another district is a more convenient forum than the plaintiff's chosen forum.  Steifel Laboratories, Inc. v. Galderma Laboratories, Inc., 588 F. Supp. 2d 1336, 1338 (S.D. Fla. 2008) (citing In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989)).

To determine the propriety of transfer to a different district, courts engage in a two-step analysis under section 1404(a).  Abbate v. Wells Fargo Bank, Nat. Ass'n, 09–62047–Civ, 2010 WL 3446878, at *4 (S.D. Fla. Aug. 31, 2010). "First, courts determine whether the action could have been brought in the venue in which transfer is sought. Second, courts assess whether convenience and the interest of justice require transfer

to the requested forum." Id.  In deciding the second step, "courts focus on a number of potential factors including: (1) the convenience of the witnesses; (2) the location of documents and other sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the ability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Id., at *5 (citing Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)).

### III.  Discussion

In this case, the United States seeks to transfer this matter to the Eastern District of New York.  The Court begins its analysis by determining whether this action could have been brought there in the first instance.  Abbate, 2010 WL 3446878 at *4.

An action may be brought in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  Here, Plaintiff was allegedly taken into custody and deprived of his property at JFK Airport, which is located in the Eastern District of New York.  Thus, this case could have been brought there in the first instance.

Next, the court must "assess whether convenience and the interest of justice require transfer to the requested forum."  Abbate, 2010 WL 3446878 at *4.  The Court has carefully reviewed all nine factors outlined by the Eleventh Circuit in Manuel and concludes that the interests of justice favor transfer.

**1. Convenience of the witnesses**

"The convenience of both the party and non-party witnesses is probably considered the single most important factor in the analysis whether a transfer should be granted." Hernandez v. Graebel Van Lines, 761 F.Supp. 983, 987 (E.D.N.Y. 1991). "When weighing the convenience of the witnesses, 'a court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witness may provide." Fuji Photo Film Co. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (quoting Herbert Ltd. P'ship v. Elec. Arts, Inc., 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004)).

Other than himself, Plaintiff has not identified any potential witness located in the Southern District of Florida.  Plaintiff is obviously a material witness.  The two or three Special Agents who allegedly carried out the wrongful confiscation are located in the Eastern District of New York.  They are obviously material witnesses.  One additional witness may be located in Arizona, whose materiality is unknown.  With one material witness in Florida and two or three equally material witnesses in New York, the convenience of the witnesses weighs in favor of transfer.

**2. Location of the evidence**

The "location of the documents and sources of proof" weigh in favor of transfer because any paperwork generated pursuant to the detention and confiscation is presumably with the government offices in New York.

### 3. Locus of operative facts

The locus of operative facts weighs heavily in favor of transfer because the incident occurred in the Eastern District of New York.

### 4. Availability of process to compel witnesses to attend

If Plaintiff were permitted to go forward here, and if any party wanted to compel the agents who allegedly engaged in the wrongful conduct to testify at trial, this Court would lack the ability to compel them to appear.  Even though eminent[1] changes to Rule 45(b)(2) would make it possible to serve a subpoena on the Special Agents in New York,[2] the subpoena could not command them to appear in Florida.  The new version of Rule 45(c)(1)(A) does not authorize a district court to compel a non-party witness to appear for a trial more than 100 miles from where the person resides, is employed, or regularly transacts business in person. 2013 Amendment to Fed. R. Civ. P. 45.  Therefore, the Southern District of Florida would not be able to compel attendance at trial of New York based non-party witnesses.  In addition, even though it is likely the United States would be able to procure the voluntary appearance of these witnesses, it would be costly and

---

[1] If Congress takes no action to the contrary, changes to Rule 45 are due to take effect on December 1, 2013.  See Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendment; Dopson-Troutt v. Novartis Pharm. Corp., 8:06-CV-1708-T-24, 2013 WL 5187914, at *3 n. 2 (M.D. Fla. Sept. 13, 2013).

[2] Absent contrary action by Congress, at the time of trial Fed. R. Civ. P. 45(b)(2) will state that a "subpoena may be served at any place within the United States." (effective December 1, 2013), Advisory Committee Notes, 2013 Amendment ("Rule 45(b)(2) is amended to provide that a subpoena may be served at any place within the United States, removing the complexities prescribed in prior versions").

expensive for the government to bring their witnesses from New York to Florida.  Fed. R. Civ. P. 45(c)(3); Fed. R. Civ. P. 45(c)(1)(B)(ii) (effective December 1, 2013). Accordingly, in the interest of justice, the "ability of process" factor weighs strongly in favor of transfer.

**5. Convenience of the parties and forum's familiarity with governing law**

Plaintiff is one person with presumably one witness, himself.  The Defendant has multiple witnesses as well as documents to produce.  The convenience of the parties weighs in favor of the government.  Assuming New York negligence law applies, this fact slightly favors transfer.

**6. Relative means of the parties**

Plaintiff is proceeding *pro se*.  Regardless of sequestration and other financial strain, the United States' means are superior to Plaintiff's.  This factor weighs in favor of retaining the case.

**7. Plaintiff's choice of forum**

Generally, the plaintiff's choice of forum is given considerable deference. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (plaintiffs' choice of forum should not be disturbed unless it is clearly outweighed by other considerations). However, where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration. Windmere Corp. v. Remington Products, Inc., 617 F.Supp. 8, 10 (S.D. Fla. 1985); Balloveras v. Purdue Pharma Co., 04-20360, 2004 WL 1202854, at *1 (S.D. Fla. 2004);

Amazon.com v. Cendant Corp., 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005); Hernandez v. Graebel Van Lines, 761 F.Supp. 983, 987 (E.D.N.Y. 1991) ("where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and is in fact given reduced significance").

In this case, the incident giving rise to this cause of action occurred in the Eastern District of New York.  Therefore, Plaintiff's choice to file this suit in the Southern District of Florida does not command a lot of deference, and the Court considers this to be a neutral factor.

**8. Trial efficiency and the interests of justice**

This factor weighs slightly in favor of transfer because the majority of the witnesses are located in the Eastern District of New York and holding trial there will be more efficient.

## IV.  Conclusion

Overall, one factor is neutral, one factor favors this district and seven factors weigh against proceeding to trial here.  The "plaintiff's choice of forum" is a neutral factor.  The "relative means of the parties," factor favors the Southern District of Florida.  However, the "location of documents and other sources of proof," the "convenience of the parties," the "forum's familiarity with the governing law," the "convenience of witnesses," the "locus of operative facts," the "ability of process to compel the attendance of unwilling witnesses," and the "trial efficiency and the

interests of justice" factors favor transfer.  Thus, after weighing and balancing all of the factors, the Court finds that relevant factors under 28 U.S.C. § 1404(a) are present and that those factors when considered together warrant a transfer to the Eastern District of New York.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Federal Defendant's Motion to Transfer Venue to the District Court for the Eastern District of New York [DE 26] **is GRANTED.  The Clerk of Court is hereby directed to transfer this case to the United States District Court, Eastern District of New York.  This case is CLOSED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of November, 2013.

KENNETH A. MARRA
United States District Judge